IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CR-14-138-D (No. CIV-16-1287-D) |
| STONEHAM BUNTING, | ) ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Defendant Stoneham Bunting's Motion to Vacate, Set Aside or Correct Sentence [Doc. No. 150], filed pursuant to 28 U.S.C. § 2255. The government has filed a response [Doc. No. 160], accompanied by an affidavit of Defendant's original counsel, Jack Dempsey Pointer [Doc. No. 160-1], and a transcript of the plea hearing held on January 15, 2015 [Doc. No. 160-2]. For reasons that follow, the Court finds that no hearing is needed and the Motion must be denied.[1]

### **Factual and Procedural Background**

A law enforcement investigation of a drug trafficking organization revealed that Defendant was a source of cocaine for a target of the investigation, Terry Wilkerson. During surveillance, agents observed Mr. Wilkerson enter Defendant's jewelry store to purchase cocaine for sale to an undercover officer. Agents later executed search warrants at Defendant's residence and jewelry store, and seized evidence that included a .38 caliber

---

[1] No evidentiary hearing is needed where the existing record conclusively shows the defendant is not entitled to relief. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b).

revolver and a shotgun. Defendant was interviewed after the search and admitted his involvement in selling cocaine to Mr. Wilkerson. He was arrested on a criminal complaint. On May 6, 2014, a federal grand jury charged Defendant, Mr. Wilkerson, and two others with conspiring to possess with intent to distribute, and to distribute, five kilograms or more of cocaine in violation of 21 U.S.C. § 846. *See* Indictment [Doc. No. 29]. The penalty for this offense is provided by 21 U.S.C. § 841(b)(1)(A), which mandates a minimum prison term of 10 years and authorizes a maximum sentence of life imprisonment.[2]

An experienced criminal defense attorney, Mr. Pointer, was appointed to represent Defendant at his initial appearance. Negotiations between the parties resulted in a plea agreement and the filing of the Superseding Information [Doc. No. 92] on November 25, 2014, charging Defendant with conspiracy to possess with intent to distribute and to distribute an unspecified quantity of cocaine. The maximum penalty for this offense is a 20-year term of imprisonment; there is no mandatory minimum prison sentence. *See* 21 U.S.C. § 841(b)(1)(C). In the plea agreement, the parties stipulated that the amount of cocaine involved in the offense was 3.5 kilograms. *See* Plea Agreement [Doc. No. 93], ¶ 7. As part of the agreement, Defendant waived his right to appeal or collaterally challenge his conviction and sentence except under limited circumstances; one exception is a collateral attack based on "claims of ineffective assistance of counsel that relate

---

[2] The government states that Defendant had a prior drug trafficking conviction that would have permitted the prosecution to seek an enhanced mandatory minimum 20-year sentence. However, no notice pursuant to 18 U.S.C. § 851 was filed.

specifically to the validity of the defendant's guilty plea or the [appeal and collateral challenge] waivers in this paragraph." *See id.* ¶ 8(c). The government agreed to dismiss the Indictment at sentencing, and agreed that Defendant should receive the maximum downward adjustment for acceptance of responsibility in computing an advisory guideline range of imprisonment under the Sentencing Guidelines. *See id.* ¶ 7.

Defendant entered a plea of guilty to the Superseding Information on January 15, 2015. Shortly after the plea hearing, Defendant communicated with the Court in writing. Due to the nature of Defendant's concerns, the Court elected to file the letter under seal and to treat it as a *pro se* motion for appointment of substitute counsel.[3] The Court appointed Joseph G. Shannonhouse, IV as Defendant's attorney on February 13, 2015. Mr. Shannonhouse represented Defendant in all subsequent proceedings, primarily related to the presentence investigation report and sentencing.

The final presentence report included the following findings for purposes of the Sentencing Guidelines: Defendant was accountable for 4.536 kilograms of cocaine, resulting in a base offense level of 28, *see* § 2D1.1(c)(6);[4] a two-level enhancement applied for possessing a firearm in connection with the drug offense, *see* § 2D1.1(b)(1); a two-level enhancement applied for maintaining a premises for the purpose of distributing a controlled substance, *see* § 2D1.1(b)(12); and a three-level decrease applied for

---

[3] The concerns expressed in Defendant's letter are unrelated to the issues raised in his current Motion.

[4] The base offense level was the same using either the quantity of cocaine found by the probation officer or the amount stipulated by the parties.

acceptance of responsibility, *see* § 3E1.1. The total offense level of 29 and a criminal history category of II yielded a guideline range of imprisonment of 97 to 121 months. Defendant was sentenced on March 30, 2016, to a 36-month term of imprisonment. He did not appeal, but filed the instant § 2255 Motion on November 9, 2016.

**Defendant's Claims**

It is unclear from Defendant's Motion exactly what claims he intends to assert. In the introduction and by similar language in a prayer for relief, Defendant asks the Court to "vacat[e] the enhancement of two points for a Felony [sic] in possession of a Weapon" and "order the Bureau of Prisons, RDAP program to grant him a reduction in sentence upon his completion of the requirements of the program." *See* Def.'s Mot. Vacate [Doc. No. 150] (hereafter "Motion") at 1, 7.[5] As a ground for relief, Defendant claims the dangerous weapon enhancement of § 2D1.1(b)(1) is "illegal" under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Motion at 2, 4.[6] Defendant erroneously invokes *Johnson*, which invalidated a provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), and has no bearing on his case. Defendant also seems to claim the weapon enhancement was

---

[5] The RDAP, or Residential Drug Abuse Program, is a substance abuse treatment program for federal inmates provided by the Bureau of Prisons. Factual findings regarding an inmate's offense may later affect his eligibility for the program and for a possible sentence reduction if he successfully completes the program. *See* 18 U.S.C. § 3621(e)(2)(B) (authorizing Bureau of Prisons to reduce a nonviolent offender's time in custody after completing treatment); 28 C.F.R. § 550.55 (providing conditions of eligibility and ineligibility). However, any sentence reduction is a matter within the discretion of the Bureau of Prisons. *See Lopez v. Davis*, 531 U.S. 230, 240-41 (2001); *Licon v. Ledezma*, 638 F.3d 1303, 1305 (10th Cir. 2011).

[6] Defendant mistakenly cites the other enhancement provision applied to him, § 2D1.1(b)(12), but presents argument regarding the dangerous weapon enhancement and the firearms seized from his residence and shop. *See* Motion at 2-5.

4

affected by a subsequent decision of the Tenth Circuit in *United States v. Little*, 829 F.3d 1177 (10th Cir. 2016). *See* Motion at 3. However, *Little* decided an element of proof to establish constructive possession of a firearm for an offense under 18 U.S.C. § 922(g)(1), and is similarly inapposite. In essence, Defendant simply contends the government failed to prove the applicability of the firearm enhancement of the Sentencing Guidelines to his drug offense.

Defendant made no objection to this enhancement at the time of sentencing, did not appeal his sentence, and expressly waived any collateral challenge to his sentence under the terms of his plea agreement. The government invokes the waiver as a bar to this claim. *See* Pl.'s Resp. Br. [Doc. No. 160] at 7. Defendant presents no basis to invalidate the waiver, other than a possible claim of ineffective assistance of counsel with respect to his guilty plea, discussed *infra*. The Tenth Circuit has established that a collateral-challenge waiver is generally enforceable, and none of the other factors relevant to enforceability is implicated here. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (appellate waiver); *United States v. Viera*, 674 F.3d 1214, 1217–18 (10th Cir. 2012) (collateral-rights waiver). Defendant's plea petition, the plea colloquy, and his sworn testimony at the plea hearing establish that the waiver of collateral rights was knowing and voluntary. *See* 1/15/15 Hr'g Tr. 8:19-9:15, 11:23-13:21, 15:3-16:3. The Court found Defendant's guilty plea was knowing and voluntary before accepting it. *See id*. 16:7-13.

Defendant also asserts as a ground for relief that he received ineffective assistance of counsel. *See* Motion at 2, 5-7. Defendant primarily complains about the lack of a

5

sentencing objection to the firearm enhancement of § 2D1.1(b)(1). *Id*. at 6-7.[7] Liberally construing the Motion due to his *pro se* status, however, Defendant arguably claims that Mr. Pointer failed to advise him during plea negotiations that the weapon enhancement could increase his sentencing guideline range and that it could prevent him from later receiving a sentence reduction from the Bureau of Prisons if he completed the RDAP program. *See supra* note 5. Defendant states:

> Defense counsel left the Petitioner with a false conclusion that because of the court[']s recommendation to take the RDAP program he would in fact receive the year reduction in his sentence. This ineffective assistance caused the petitioner to accept the plea deal offered when in fact [he] has not received the benefits of the deal.

*See* Motion at 7. A claim of ineffective assistance of counsel that relates specifically to the validity of Defendant's guilty plea is not waived by the parties' plea agreement.[8]

## Standard of Decision

To succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must show 1) "'that counsel's representation fell below an objective standard of reasonableness;'" and 2) that there is "a 'reasonable probability' that the defendant 'would not have pleaded guilty and would have insisted on going to trial' but for counsel's errors." *See Heard v. Addison*, 728 F.3d 1170, 1175-76 (10th Cir. 2013)

---

[7] For the reasons explained with regard to the weapon enhancement, any claim of ineffective assistance at sentencing is waived.

[8] Further, as a matter of law, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

6

(quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and *Hill v. Lockhart*, 474 U.S. 52, 57, 58-59 (1985)). In assessing the performance prong of an ineffective assistance claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To prove deficient performance, a defendant must demonstrate that his counsel's performance was "'completely unreasonable, not merely wrong.'" *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010)).

**Discussion**

First, with regard to counsel's performance, Defendant does not allege that Mr. Pointer made any promise or misrepresentation regarding Defendant's sentence but only that counsel did not provide information Defendant later found to be relevant. It is well settled that even "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance arising to the level of ineffective assistance of counsel." *United States v. Parker*, 720 F.3d 781, 787 n. 9 (10th Cir. 2013) (quoting *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993)). Defendant's current allegation that his plea decision was influenced by a possible sentence reduction after completing the RDAP program is inconsistent with representations he made to the Court when he entered his guilty plea.[9] Testifying under oath, Defendant assured the Court

---

[9] Defendant's complaint that the gun enhancement increased his advisory guideline range had no bearing on his sentence; the Court varied far below the applicable guideline range.

that his plea of guilty was made voluntarily and completely of his own free choice, that the plea agreement contained his complete understanding and agreement with the government, and that no promises other than those in the plea agreement had been made to cause him to plead guilty. *See* 1/15/15 Hr'g Tr. 10:13-16, 11:5-16, 13:21.

Second, and fatal to his claim, the Court finds no allegations that would satisfy Defendant's burden to show a reasonable probability that but for Mr. Pointer's allegedly deficient advice, Defendant would not have pleaded guilty but would have insisted on going to trial. Nothing suggests counsel's alleged omission of information about the gun enhancement affected Defendant's decision to plead guilty. Further, "proof of prejudice requires a petitioner to show that 'a decision to reject the plea bargain would have been rational under the circumstances.'" *See Heard*, 728 F.3d at 1184 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). Through the plea agreement, Defendant obtained a substantial benefit from a reduced charge in the Superseding Information, avoiding a mandatory minimum 10-year prison sentence. The strength of the prosecution's case may also be considered. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001). In this case, the evidence against Defendant, who confessed, was overwhelming. The Court finds that Defendant has not alleged any prejudice and, therefore, cannot prevail on his ineffective assistance claim.

## Conclusion

For these reasons, Defendant is not entitled to relief based on a claim of ineffective assistance of counsel regarding the validity of his guilty plea and the plea agreement, and

8

any claim for relief based on the two-point weapon enhancement of the Sentencing Guidelines is barred by Defendant's waiver of a collateral challenge to his sentence.

IT IS THEREFORE ORDERED that Defendant Stoneham Bunting's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 [Doc. No. 150] is DENIED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where relief is denied on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA will be denied, and the denial shall be included in the judgment.

IT IS SO ORDERED this 19th day of April, 2017.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE